OPINION of the Court, by
Judge Bibb.
— In an action vs. Hatcher, Fowler declared upon four distinct counts for slanderous words ; but entered a nolle prose-qui as to the fourth count. As to the three remaining counts the defendant pleaded not guilty, also as to the third count a justification, and thereupon issues were joined to the country. The record states the jurors J . . , „ , • were sworn to try the “ issue joined, and upon their oath do say that the defendant is guilty in manner and form as the plaintiff against him hath complained,” and assessed damages to £. 75 18s. besides costs. Judgment was thereupon rendered, to which Hatcher prosecuted this writ of error.
The first assignment objects, that the plaintiff by the nolle prosequi upon the one count was out of court as to all.
The other assignments object in substance, that the judgment is erroneous, because the jury were sworn to try but one of the issues, and that their verdict is a response only to the question oiguilty vel non.
As to the first, there is no weight in it. As well might it be said that because a plaintiff gave no eviden.ce as to one of several counts, that therefore he should not recover on the others : or in other words, that a plaintiff must recover on every count or on none. But it hath ever been holden that if the plaintiff supports any one count, he shall be permitted to recover pro tanto. Every count is to be taken as a substantive and distinct declaration ; the defect of one does not vitiate the others, and the failure to support or prosecute as to one is not therefore a failure as to every one.
When the several issues were joined, and the jurors were called to try the cause, it was the duty of the court, and of the counsel on either side, to have every issue submitted to them. If the entry as to the swearing of the jury should be construed to mean that only a solitary issue was given them in charge, and that one not defined, the court and counsel would be constructively involved in a'dereliction of duty, either wilful or negligent. Such a criticism of the record would be too close, such a reading upon the test “ issue” too illibe *338 ral. Such a decision would beset the usual path of }(⅛ with snares too subtile to be espied, until they have frequently entangled. The better way seems to be, tó understand ‘‘issue” as used collectively where the sense requires it.
A similar objection to the verdict was considered and overruled in the case of Worford vs, Isbell (a). Judgment affirmed.

Ante 2479.